**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JERRY QUINN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-01883-PAE |
| Plaintiff, | |
| v. | |
| READY CAPITAL CORPORATION, THOMAS E. CAPASSE, and ANDREW AHLBORN, | |
| Defendants. | |
| DAVID GOEBEL, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-03373-PAE |
| Plaintiff, | |
| v. | |
| READY CAPITAL CORPORATION, THOMAS E. CAPASSE, and ANDREW AHLBORN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF JERRY QUINN'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

Jerry Quinn ("Quinn") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Quinn as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Quinn's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

Quinn filed this action on behalf of all persons or entities that purchased or otherwise acquired Ready Capital Corporation ("Ready Capital" or the "Company") common stock between November 7, 2024 and March 2, 2025, inclusive (the "Class Period"). While Plaintiff David Goebel filed second action less than two weeks before the lead plaintiff motion deadline, purporting to expand the class period to begin August 8, 2024, the shorter class period alleged in the *Quinn* Action is the more appropriate class period.

The PSLRA provides that the Court shall appoint the most adequate plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

Quinn believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Quinn satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing

the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Quinn respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Quinn's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Ready Capital is a real estate finance company which originates, acquires, finances, and services lower-to-middle-market ("LLM") commercial real estate ("CRE") loans, small business administration loans, residential mortgage loans, and other real estate-related investments.

The complaints filed in this action allege that, throughout the Class Period, Defendants made false and misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that significant non-performing loans in its CRE portfolio were not likely to be collectible; (2) that Ready Capital would fully reserve these problem loans in order to "stabilize" its CRE portfolio; (3) that this was not accurately reflected in Ready Capital's current expected credit loss or valuation allowances; (4) that, as a result, the Company's financial results would be adversely affected; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On March 3, 2025, before the market opened, Ready Capital announced its fourth quarter and full year 2024 financial results, reporting fourth quarter 2024 net loss of $1.80 per share and

---

[1] This section is adapted from the complaints in the above-captioned actions.

full year 2024 net loss of $2.52 per share. The Company explained it had to take "decisive actions to stabilize" its "balance sheet going forward by fully reserving for all of our nonperforming loans in our CRE portfolio." This included, among other actions, taking $284 million in combined Current Expected Credit Loss ("CECL") and valuation allowances in order to mark the Company's non-performing loans to current values. The Company further revealed that its total leverage increased to "3.8x," up from the prior quarter's total leverage of "3.3x."

On this news, Ready Capital's stock price fell $1.86, or 26.8%, to close at $5.07 per share on March 3, 2025, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Quinn and other class members have suffered significant losses and damages.

## III.    PROCEDURAL BACKGROUND

On March 6, 2025, Plaintiff Jerry Quinn commenced a securities class action against Ready Capital and certain executives captioned *Quinn v. Ready Capital Corporation et al*, Case No. 1:25-cv-01883-PAE (the "*Quinn* Action"). It was brought pursuant to the Exchange Act on behalf purchasers of Ready Capital common stock between November 7, 2024 and March 2, 2025, inclusive.

On April 23, 2025, Plaintiff David Goebel filed a related lawsuit captioned *Goebel v. Ready Capital Corporation, et al*, Case No. 1:25-cv-03373-PAE (the "*Goebel* Action," and with the *Quinn* Action, the "Related Actions"). It is also brought pursuant to the Exchange Act on behalf purchasers of Ready Capital common stock between August 8, 2024, and March 2, 2025, inclusive. Notably, Mr. Gobel lacks standing to allege claims under the *Quinn* class period because Gobel sold stock, and did not purchase any stock, during the *Quinn* class period.

3

IV.    **ARGUMENT**

A.    **The Related Actions Should Be Consolidated**

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they both involve the same subject matter and present similar legal issues. Each action alleges violations of the Exchange Act, each presents similar theories for recovery, and each is based on a similar wrongful course of conduct. Because these actions arise from many of the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

B.    **Quinn Should Be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

4

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Quinn satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Quinn has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Quinn is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Quinn respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Quinn Filed the Complaint and a Timely Motion

Quinn filed the complaint in this action and has made a timely motion in response to a PSLRA early notice. On March 6, 2025, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Quinn had sixty days (*i.e.*, until May 5, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of Ready Capital common stock during the Class Period, Quinn is a member of the proposed class and has

hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Quinn attests that he has reviewed the complaint, and is willing to serve as a representative of the class. *See* Dkt. No. 1 at 25-26. Accordingly, Quinn satisfies the first requirement to serve as lead plaintiff for the class.

### 2.      Quinn Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Quinn believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Quinn purchased Ready Capital common stock during the Class Period, and as a result, suffered financial harm of approximately $22,130.41. *See* Linkh Decl., Ex. B. Quinn did not purchase or sell any additional shares in the expanded class period alleged in the *Goebel* action. To the best of his knowledge, Quinn is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Quinn believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.      Quinn Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)    Quinn's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Quinn's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Quinn alleges that Defendants' material misstatements and omissions concerning Ready Capital's business, operations, and financial prospects violated the federal securities laws. Quinn, like all members of the class, purchased Ready Capital common stock in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Quinn's interests and claims are "typical" of the interests and claims of the class.

**b)        Quinn Is an Adequate Representative**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Quinn has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. B. Quinn resides in Kensington, Maryland and has been investing for approximately 20 years. Quinn has a degree in International Business from Philadelphia University. Quinn is also not aware of any conflict between his claims and those asserted on behalf of the class. As such, Quinn is adequate to represent the class and should be appointed as lead plaintiff.

**C.        The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Quinn has retained Glancy Prongay & Murray LLP to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit C. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

**V.        CONCLUSION**

For the foregoing reasons, Jerry Quinn requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Quinn as Lead Plaintiff;

8

(3) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and

(4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: May 5, 2025                    **GLANCY PRONGAY & MURRAY LLP**

By:    */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Jerry Quinn and Proposed
Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

9

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Jerry Quinn certifies that this brief contains 2,541 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On May 5, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 5, 2025, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh