**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JERRY QUINN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> READY CAPITAL CORPORATION, THOMAS E. CAPASSE, and ANDREW AHLBORN, <br><br> Defendants. | Case No. 1:25-cv-01883-PAE <br><br> CLASS ACTION |
| DAVID GOEBEL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> READY CAPITAL CORPORATION, THOMAS E. CAPASSE, and ANDREW AHLBORN, <br><br> Defendants. | Case No. 1:25-cv-03373-PAE <br><br> CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION**
**OF DAVID GOEBEL FOR APPOINTMENT AS LEAD PLAINTIFF,**
**APPROVAL OF HIS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

    A.    Mr. Goebel Is The Most Adequate Plaintiff ....................................................... 4

           1.    Mr. Goebel Believes He Has The Largest Financial Interest In The Relief Sought By The Class ......................................................................................... 5

           2.    Mr. Goebel Otherwise Satisfies The Requirements Of Rule 23 ............................ 5

    B.    Mr. Goebel Selected Well-Qualified Lead Counsel To Represent The Class ................. 7

    C.    Consolidation Is Warranted ............................................................................... 8

CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Atwood v. Intercept Pharms., Inc.*,
  299 F.R.D. 414 (S.D.N.Y. 2014) ..................................................................................... 5

*Chilton v. Chiumento Grp.*,
  365 F. App'x 298 (2d Cir. 2010) ..................................................................................... 5

*In re Aratana Therapeutics Inc. Sec. Litig.*,
  2017 WL 2491494 (S.D.N.Y. June 6, 2017) .................................................................... 8

*Li v. Spirit AeroSystems Holdings, Inc.*,
  2023 WL 6938285 (S.D.N.Y. Oct. 20, 2023) ................................................................... 6

*Villella v. Chem. & Mining Co. of Chile Inc.*,
  2015 WL 6029950,  (S.D.N.Y. Oct. 14, 2015) ................................................................. 1

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A). .................................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................................ 1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...................................................................................... 2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................... 7

**Regulations**

17 C.F.R. § 240.10b-5. ........................................................................................................... 1

**Rules**

Fed. R. Civ. P. 23 .............................................................................................................. 2, 5

Fed. R. Civ. P. 23(a)(4) .......................................................................................................... 6

Fed. R. Civ. P. 42(a) ....................................................................................................... 1, 8, 9

David Goebel respectfully submits this memorandum of law in support of his motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of his selection of Bleichmar Fonti & Auld LLP ("BFA") as Lead Counsel for the putative Class; (3) for consolidation of the above-captioned securities class actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); and (4) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

There are currently two Related Actions pending against Ready Capital Corporation ("Ready Capital" or the "Company") and certain of its senior officers (collectively, "Defendants"). Mr. Goebel is the Plaintiff that filed the second of these actions. The Related Actions allege that Defendants defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, the Related Actions allege that from August 8, 2024, through March 2, 2025, inclusive (the "Class Period"), Defendants misrepresented the severe impact that significant non-performing loans in Ready Capital's commercial real estate ("CRE") portfolio were having on the Company's business.[1]

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and

---

[1] The Related Actions assert different class periods. For purposes of appointing a Lead Plaintiff, the longest alleged class period governs. *See Villella v. Chem. & Mining Co. of Chile Inc.*, 2015 WL 6029950, at *5 n.5 (S.D.N.Y. Oct. 14, 2015).

also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Mr. Goebel is the "most adequate plaintiff" by virtue of, among other things, the significant $200,000 in losses that he incurred on his investments in Ready Capital stock during the Class Period.  Mr. Goebel also satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the Class, and he will fairly and adequately represent the Class.  Indeed, Mr. Goebel is a sophisticated investor who has already taken active steps to protect the putative Class in this case and fully understands the Lead Plaintiff's obligations to the Class under the PSLRA.  He is clearly willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action.  *See* Declaration of Javier Bleichmar ("Bleichmar Decl."), Ex. A.

Further, Mr. Goebel has selected BFA, a law firm with substantial experience successfully prosecuting securities class actions, to serve as Lead Counsel for the Class.  Accordingly, Mr. Goebel respectfully requests that the Court appoint him Lead Plaintiff and otherwise grant his motion.

## FACTUAL BACKGROUND

Ready Capital is a real estate finance company that originates, acquires, finances, and services lower-to-middle-market CRE loans, small business administration loans, and other real estate-related investments.  ¶17.[2]

This case concerns Defendants' misrepresentations regarding the severe impact that significant non-performing loans in Ready Capital's CRE portfolio were having on the Company's

---

[2] All citations to ¶__ refer to the complaint Mr. Goebel filed on April 23, 2025, in *Goebel v. Ready Capital Corp., et al.*, No. 1:25-cv-03373, ECF No. 1 (S.D.N.Y.).

business.  On August 8, 2024, Defendant Capasse stated that the Company had "successfully executed several initiatives" aimed at improving financial performance, including asset management activities, that purportedly "further derisked" the Company's CRE portfolio.  ¶¶24, 26.  During the Class Period, Defendant Capasse also stated that Ready Capital's CRE portfolio was "showing stabilizing credit metrics," that the Company was seeing "normalization" of its CRE business to "historical levels," and that a decline in credit quality or performance of existing loans in the Company's CRE loan book was "a low risk."  ¶¶29, 35.

As alleged, these statements were materially false and misleading.  In truth, significant non-performing loans in Ready Capital's CRE portfolio were hampering the Company's financial performance and were not likely to be collectible.  ¶43.  The Company's performance improvement initiatives failed to "further derisk[]" the CRE portfolio and the credit metrics were not "stabilizing."  *Id.*  These significant non-performing loans in Ready Capital's CRE portfolio were not accurately reflected in its current expected credit loss or valuation allowances and, as a result, the Company's financial results were materially false and misleading.  *Id.*

Investors learned the truth on March 3, 2025, when Ready Capital announced its fourth quarter and full year 2024 financial results, reporting fourth quarter 2024 net loss of $1.80 per share and full year 2024 net loss of $2.52 per share.  ¶44.  Defendant Capasse stated that "aggressive reserving on problem loans" and a "rightsizing of the dividend to current cash earnings" were needed to "accelerate the path to recovery."  *Id.*  Capasse further explained that Ready Capital had to take "decisive actions to stabilize" its "balance sheet going forward by fully reserving for all of our non-performing loans in our CRE portfolio."  *Id.*  This included, among other actions, taking roughly $284 million in combined Current Expected Credit Loss and valuation allowances for all of 2024 to mark the Company's non-performing loans to current

3

values. *Id.* The Company further revealed that its total leverage increased to "3.8x," up from the prior quarter's total leverage of "3.3x," and that it cut its dividend to $0.125 per share. ¶45. On this news, the price of Ready Capital stock fell $1.86 per share, or 26.8%, from $6.93 per share on March 2, 2025, to close at $5.07 per share on March 3, 2025. ¶47.

**ARGUMENT**

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On March 6, 2025, Plaintiff Jerry Quinn filed the first of the Related Actions, which alleged that Defendants defrauded investors during the period of November 7, 2024, through March 2, 2025. *See Quinn v. Ready Capital Corp., et al.*, No 1:25-cv-01883-PAE (S.D.N.Y.) ECF No. 1 ¶1. On the same day, his counsel published notice of the pendency of the action on *Business Wire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by May 5, 2025. *See* Bleichmar Decl. Ex. B.

On April 23, 2025, Mr. Goebel filed a substantially similar action against Defendants which expanded the start of the Class Period to August 8, 2024. *See Goebel*, ECF No. 1 ¶1. That same day, counsel for Mr. Goebel, BFA, published a notice on *ACCESS Newswire* alerting investors to the expanded class period. *See* Bleichmar Decl. Ex. C.

Accordingly, Mr. Goebel satisfies the PSLRA's 60-day requirement through the filing of this motion.

## A.    Mr. Goebel Is The Most Adequate Plaintiff

Mr. Goebel respectfully submits that he is entitled to be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption

4

that the "most adequate plaintiff" is the movant that has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).

### 1.    Mr. Goebel Believes He Has The Largest Financial Interest In The Relief Sought By The Class

Mr. Goebel believes that he has the largest financial interest in the relief sought by the class and thus should be appointed Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Mr. Goebel incurred a loss of approximately $200,000 on his investments in Ready Capital stock during the Class Period.  *See* Bleichmar Decl. Exs. D-E.  To the best of Mr. Goebel's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.  Accordingly, Mr. Goebel believes that he has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 2.    Mr. Goebel Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Goebel otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "'[A]t this stage of the litigation, the movant must only make a preliminary showing that the adequacy and typicality requirements have been met.'"  *Atwood v. Intercept Pharms., Inc.*, 299 F.R.D. 414, 416 (S.D.N.Y. 2014) (citations omitted).  Here, Mr. Goebel unquestionably satisfies both requirements.

Mr. Goebel's claims are typical of the claims of other investors in Ready Capital stock. The typicality threshold is satisfied because Mr. Goebel's "claims and injuries arise from the same conduct from which the other class members' claims and injuries arise." *Li v. Spirit AeroSystems*

*Holdings, Inc.*, 2023 WL 6938285, at \*2 (S.D.N.Y. Oct. 20, 2023) (Engelmayer, J.).  (citation omitted).  Here, Mr. Goebel's and all other Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical.  Like all other Class members, Mr. Goebel: (1) purchased Ready Capital stock during the Class Period; (2) purchased at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. *See id*.  As such, Mr. Goebel is a typical Class representative.

Mr. Goebel likewise satisfies the adequacy requirement of Rule 23.  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy requirement is satisfied where: (1) there is no conflict between the proposed lead plaintiff and the members of the class; (2) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) class counsel is qualified, experienced, and generally able to conduct the litigation.  *See Li*, 2023 WL 6938285, at \*3 (adequacy satisfied where movant "has certified that he is willing to fulfill the duties of lead plaintiff," "has retained counsel with significant experience in securities fraud cases," and "there is, as yet, no indication that [movant] has any interests that are antagonistic to those of the class.").  Mr. Goebel satisfies these elements because his substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class's claims.  What's more, Mr. Goebel is a sophisticated investor who has already taken active steps to protect absent Class members through the filing of *Goebel*, which helps ensure the putative Class's claims will be adequately represented.

Further, Mr. Goebel's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict

of interest or other antagonism between Mr. Goebel and other Class members, and there is no collusion among the litigants.

Indeed, Mr. Goebel is committed to discharge his obligations as Lead Plaintiff under the PSLRA to oversee and supervise the litigation separate and apart from counsel and submitted a sworn declaration as to his willingness and ability to fulfill those duties. *See* Bleichmar Decl. Ex. A. What's more, Mr. Goebel's declaration provides the Court with additional information supporting his bona fides, including explaining who he is, that he is an experienced investor with approximately 35 years of investing experience, and given his substantial financial interest in the litigation, that he intends to continue to actively oversee counsel, review pleadings and motion papers, participate in discovery, and confer with counsel regarding litigation strategy. *See id.* ¶¶2-10.

Mr. Goebel has also demonstrated his adequacy through his selection of BFA as Lead Counsel to represent the Class in this action. As discussed more fully below, BFA is highly qualified and experienced in securities class actions and has repeatedly demonstrated an ability to conduct complex securities class actions effectively.

**B.     Mr. Goebel Selected Well-Qualified Lead Counsel To Represent The Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most

7

prominent fraud cases in recent decades.  *See* Bleichmar Decl. Ex. F.  For example, BFA recently achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Industries Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.).  BFA also recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.).  Previously, in this District, BFA secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Securities Litigation*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford International Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.).  BFA also secured a $219 million resolution in *In re Genworth Financial, Inc. Securities Litigation*, 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

**C.    Consolidation Is Warranted**

There are two Related Actions pending in this District against Defendants:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Quinn v. Ready Capital Corp., et al.* | 1:25-cv-01883 | March 6, 2025 |
| *Goebel v. Ready Capital Corp., et al.* | 1:25-cv-03373 | April 23, 2025 |

These actions present substantially similar factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, against the same defendants, relating to an overlapping period of time, and are premised on similar types of misstatements.  Rule 42(a) grants broad discretion to courts to consolidate cases that involve common questions of law or fact, as here.  *See In re Aratana Therapeutics Inc. Sec. Litig.*, 2017 WL 2491494, at *2-*3 (S.D.N.Y. June 6, 2017) (Engelmayer, J.).  While *Goebel* starts the class period earlier than *Quinn*,

this difference does not render consolidation inappropriate because it does not outweigh the gains in efficiency and judicial economy from consolidation. *Id*.

## CONCLUSION

For the reasons discussed above, Mr. Goebel respectfully requests that the Court: (1) appoint him to serve as Lead Plaintiff; (2) approve his selection of BFA as Lead Counsel for the putative Class; (3) consolidate all related actions pursuant to Rule 42(a); and (4) grant any such further relief as the Court may deem just and proper.

Dated: May 5, 2025                                                Respectfully submitted,

                                                        **BLEICHMAR FONTI & AULD LLP**

                                                          */s/ Javier Bleichmar*
                                                        Javier Bleichmar
                                                        300 Park Avenue, Suite 1301
                                                        New York, New York 10022
                                                        Telephone: (212) 789-1340
                                                        Facsimile: (212) 205-3960
                                                        jbleichmar@bfalaw.com

                                                        -and-

                                                        Ross Shikowitz
                                                        75 Virginia Road
                                                        White Plains, New York 10603
                                                        Telephone: (914) 265-2991
                                                        Facsimile: (212) 205-3960
                                                        rshikowitz@bfalaw.com

                                                        -and-

                                                        Adam C. McCall (*pro hac vice* forthcoming)
                                                        1330 Broadway, Suite 630
                                                        Oakland, California 94612
                                                        Telephone: (415) 445-4003
                                                        Facsimile: (415) 445-4020
                                                        amccall@bfalaw.com

*Counsel for Plaintiff and Proposed Lead Plaintiff David Goebel, and Proposed Lead Counsel for the Putative Class*

**CERTIFICATION OF WORD-COUNT COMPLIANCE**

The undersigned hereby certifies that the foregoing brief complies with the word limit set forth in Local Civil Rule 7.1(c).  The word count, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, is 2,544 according to the word-processing system used to prepare the document.


Dated: May 5, 2025                                                */s/ Javier Bleichmar*
                                                                              Javier Bleichmar

11