**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JERRY QUINN, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No.: 1:25-cv-01883-PAE |
| READY CAPITAL CORPORATION, THOMAS E. CAPASSE, and ANDREW AHLBORN, | Hon. Paul A. Engelmayer |
| Defendants. | |
| DAVID GOEBEL, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No.: 1:25-cv-03373-PAE |
| READY CAPITAL CORPORATION, THOMAS E. CAPASSE, and ANDREW AHLBORN, | Hon. Paul A. Engelmayer |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF ALLAN T. PARR JR.'S MOTION FOR CONSOLIDATION OF THE ACTIONS APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## I.    PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in this case and, under the PSLRA, movant Allan T. Parr Jr. ("Dr. Parr"), should be appointed as lead plaintiff and his attorneys approved as lead counsel for the class.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Dr. Parr has the largest financial interest based on the relative "approximate loss suffered during the class period." *See Glavan v. Revolution Lighting Techs., Inc.,* No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960, at *8 (S.D.N.Y. July 29, 2019). The "approximate loss suffered," is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

As demonstrated below, Dr. Parr possesses the largest financial interest in the litigation of the remaining movants:

| Movant | Claimed Losses |
|---|---|
| ~~David Goebel[1]~~ | ~~$200,164.56~~ |
| Allan T. Parr Jr. | $192,526.04 |
| ~~Ricky Davis[2]~~ | ~~$30,402.00~~ |
| Jerry Quinn | $22,130.41 |

*See* ECF Nos. 21-2, 22-2, 25-5, and 29-1.

---

[1] On May 27, 2025, the day oppositions were due, David Goebel withdrew his motion. *See* ECF No. 32.

[2] On May 16, 2025, Ricky Davis filed a notice of non-opposition, stating, "Davis does not have the "largest financial interest" in this litigation within the meaning of the PSLRA." *See* ECF No. 31.

In addition to having the "largest financial interest" in the litigation, Dr. Parr is typical of his fellow class members and certainly meets the adequacy requirements under Federal Rule of Civil Procedure 23(a). Dr. Parr acquired Ready Capital Corporation ("Ready Capital") common stock during the Class Period. *See* Parr Certification, ECF No. 21-1. Further, Dr. Parr considers himself to be a sophisticated investor with 30 years of investment experience. He also possesses a Medical Degree and is board certified in anesthesiology and interventional pain. With his experience overseeing attorneys for various matters over the years (*e.g.*, estate planning, real estate, and business-related matters), his background and qualifications make him ideally suited to serve as the lead plaintiff in this lawsuit. *See* Memorandum in Support of Motion, ECF No. 18 at p. 9.

There can be no dispute that Dr. Parr holds the "largest financial interest" in the Actions and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). Jerry Quinn, the only competing movant left, cannot present any "proof" capable of disqualifying Dr. Parr as the presumptive lead plaintiff. Since the other competing movant is unable to rebut this presumption with proof that Dr. Parr is somehow atypical or inadequate, Dr. Parr is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Dr. Parr respectfully requests that the Court grant his motion in its entirety and deny the competing motion.

## II.    ARGUMENT

### A.    The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Following the required notice

announcing the class action, class members interested in serving as Lead Plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i). This straightforward leadership selection provides that the "person or group of persons" with the largest loss is the presumptive lead plaintiff and must be appointed lead so long as it is otherwise adequate and typical within the meaning of Rule 23. 15 U.S.C. § 78u–4(a)(3)(B)(i) and (iii)(I)(bb)-(cc). Congress created the lead plaintiff presumption because it believed that the movant with the largest loss would be most incentivized to actively prosecute the securities class action and monitor counsel:

> Further, the provisions created a "rebuttable presumption" that the most "adequate plaintiff" is, *inter alia*, the person or group of persons that "has the largest financial interest in the relief sought by the class." "The theory of these provisions was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff – frequently a large institution or otherwise sophisticated investor – would be motivated to act like a 'real' client, carefully choosing counsel and monitoring counsel's performance to make sure that adequate representation was delivered at a reasonable price."[3]

*Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*, 616 F. Supp. 2d 461, 464 (S.D.N.Y. 2009).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

---

[3] Unless otherwise noted, citations are omitted, and emphasis is added.

### B.    Dr. Parr Is the Presumptive Lead Plaintiff.

#### 1.    *Dr. Parr Has the Largest Financial Interest.*

When evaluating "financial interest" at the lead plaintiff stage, "[c]ourts in this Circuit have traditionally examined "the approximate loss suffered during the class period." *Glavan*, 2019 U.S. Dist. LEXIS 125960, at *8 (quoting *In re Veeco Instruments, Inc.,* 233 F.R.D. 330, 332 (S.D.N.Y. 2005); *see also In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008) ("In the absence of explicit guidance, many courts, including courts in this District and in the Eastern District of New York, have adopted a four-factor test first promulgated in *Lax*").

As demonstrated in the following table, Dr. Parr has the largest financial interest in the litigation of the remaining movants:

| Movant | Claimed Losses |
|---|---|
| ~~David Goebel~~ | ~~$200,164.56~~ |
| Allan T. Parr Jr. | $192,526.04 |
| ~~Ricky Davis~~ | ~~$30,402.00~~ |
| Jerry Quinn | $22,130.41 |

*See* ECF Nos. 21-2, 22-2, 25-5, and 29-1.

Dr. Parr suffered over $170,000 more on his investment in Ready Capital compared to Jerry Quinn. Thus, Dr. Parr, with his claimed loss of $192,526.04, indisputably possesses the largest financial interest in the outcome of the litigation.

#### 2.    *Dr. Parr Meets the Typicality and Adequacy Requirements of Rule 23.*

In addition to possessing the largest financial interest, Dr. Parr satisfies the adequacy and typicality requirements of Rule 23. "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a 'preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Faris v. Longtop Fin. Techs. Ltd.*, No. 11 Civ. 3658 (SAS), 2011 U.S. Dist. LEXIS 112970, Fed. Sec. L. Rep. (CCH) P96,562,

4

at *12 (S.D.N.Y. Oct. 4, 2011) (quoting *In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009)).

"Typicality 'requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. Dr. Parr's claims are based on the same legal theories and arise from the same event or practice or course of conduct that gives rise to the claims of other class members because he acquired Ready Capital common stock at prices that were artificially inflated by Defendants' misconduct and suffered losses when the truth was revealed. Dr. Parr is, and will be, pursuing the same theory of liability as all other Class Members. *See* Memorandum in Support of Motion, ECF No. 18, p. 8. Dr. Parr's trading history bears this out. He purchased 85,876 shares of Ready Capital common stock on the open market during the Class Period and, in connection with those purchases, lost approximately $192,526.04. *See* ECF No. 21-2. Dr. Parr's transactions make him ideally suited to represent the class, which is defined to include all "persons and entities that purchased or otherwise acquired Ready Capital common stock" during the Class Period. *See* ECF No. 1, ¶1.

In addition to meeting the "typicality" requirements under Rule 23, Dr. Parr also makes the necessary *prima facie* showing of "adequacy." To satisfy the adequacy requirement at this stage of the proceedings, Dr. Parr must make a preliminary showing that "(1) [his choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) [he has] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011). Dr. Parr is more than qualified to serve as lead plaintiff, as he has been investing in securities for 30 years. *See* Memorandum in Support of Motion, ECF

5

No. 18 at p. 9. Dr. Parr resides in Louisianna, and possesses a Medical Degree and is board certified in anesthesiology and interventional pain. *Id*. Further, he has experience hiring and overseeing attorneys for estate planning, real estate, and business-related matters. *Id*. Likewise, Dr. Parr's certification pursuant to the federal securities laws, and his selection of experienced and capable counsel in Levi & Korsinsky, LLP demonstrate that Dr. Parr will adequately represent the interests of the proposed class. Accordingly, Dr. Parr has made a preliminary showing that he satisfies the adequacy and typicality requirements of Rule 23.

As Dr. Parr has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, he is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

**C.    No Proof Exists to Rebut the Presumption in Favor of Dr. Parr's Appointment as Lead Plaintiff.**

Importantly, because Dr. Parr has the largest financial interest in this litigation of the remaining movants, the PSLRA provides a rebuttable presumption that he is the most adequate plaintiff to represent the Class. The "strong presumption" in favor of appointing Dr. Parr as Lead Plaintiff can only be rebutted with "proof" that Dr. Parr is somehow atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 40 (S.D.N.Y. Dec. 6, 2012) ("***exacting proof***" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff). "Mere speculation" is insufficient to rebut the lead plaintiff presumption. *In re Turquoise Hill Res. Ltd.,* No. 20-cv-8585 (LJL), 2021 U.S. Dist. LEXIS 8840, at *14 (S.D.N.Y. Jan. 15, 2021) (citing *Foley*, 272 F.R.D. at 133 ("[T]he conflict of interest must be shown, not merely speculated, in order to rebut the presumption of the most adequate lead plaintiff.")). No such proof exists here. Dr. Parr has no conflicts with the members of the class and

is motivated to recover the heavy losses he suffered. Accordingly, Dr. Parr is both typical and adequate and his Motion should be granted in its entirety.

### III.    CONCLUSION

For the foregoing reasons, Dr. Parr respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Dr. Parr as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: May 27, 2025                                           Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Allan T. Parr Jr. and*
*[Proposed] Lead Counsel for the Class*

7