UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JERRY QUINN, *individually and
on behalf of all those similarly situated,*

                                        Plaintiff,

          -v-                                                    25 Civ. 1883 (PAE)

READY CAPITAL CORPORATION,
THOMAS E. CAPASSE, *and* ANDREW
AHLBORN,

                                        Defendants.                    OPINION & ORDER

---

DAVID GOEBEL, *individually and
on behalf of all those similarly situated,*

                                        Plaintiff,

          -v-                                                    25 Civ. 3373 (PAE)

READY CAPITAL CORPORATION,
THOMAS E. CAPASSE, *and* ANDREW
AHLBORN,

                                        Defendants.

---

PAUL A. ENGELMAYER, District Judge:

Before the Court is an unopposed motion by plaintiff Allan T. Parr Jr. ("Parr") to be

appointed lead plaintiff and to have his attorneys, Levi & Korsinsky, LLP ("Levi & Korsinsky"),

appointed lead counsel. Also pending is Parr's unopposed motion to consolidate the above-

captioned actions.

For the reasons that follow, the Court (1) consolidates the above-captioned actions, and

as to the consolidated action, (2) appoints Parr lead plaintiff and (3) appoints Levi & Korsinsky

lead counsel.

I.    **Background**

On March 6, 2025, plaintiff Jerry Quinn filed a putative securities class action against

defendant Ready Capital Corporation ("Ready Capital"), its CEO Thomas E. Capasse, and CFO

Andrew Ahlborn (collectively with Ready Capital, "defendants"), on behalf of all individuals

who purchased shares of Ready Capital between November 7, 2024 and March 2, 2025. *Quinn*

*v. Ready Capital*, No. 25 Civ. 1883, Dkt. 1 ("*Quinn* Compl."). On April 23, 2025, plaintiff

David Goebel filed a putative securities class action against defendants on behalf of all

individuals who purchased shares of Ready Capital between August 8, 2024 and March 2, 2025.

*Goebel v. Ready Capital*, No. 25 Civ. 3373, Dkt. 1 ("*Goebel* Compl."). On April 30, 2025, the

Court accepted *Goebel* as related to the earlier-filed *Quinn* action.

Ready Capital, based in New York, New York, originates, acquires, and services

commercial real estate ("CRE") loans, small business administration loans, and residential

mortgage loans. *Quinn* Compl. ¶ 2; *Goebel* Compl. ¶ 2. Salient here, the complaints in *Quinn*

and *Goebel* allege that, throughout the respective class periods, Ready Capital misled investors

about its CRE loan portfolio. In particular, Ready Capital allegedly concealed the extent to

which its portfolio comprised non-performing loans that "were not likely to be collectible."

*Quinn* Compl. ¶ 5; *Goebel* Compl. ¶¶ 3–4. As a result, the complaints allege, Ready Capital

reported overly optimistic current expected credit loss ("CECL") and valuation allowances,

inflating its financial results. *Quinn* Compl. ¶¶ 5, 17; *Goebel* Compl. ¶¶ 3–4.

On March 3, 2025, during pre-market hours, Ready Capital announced its fourth quarter

and full year 2024 financial results. It reported a net loss of $1.80 per share for the fourth quarter

of 2024 and a net loss of $2.52 per share for 2024. *Quinn* Compl. ¶ 3; *Goebel* Compl. ¶ 5. In

connection with this announcement, Ready Capital disclosed that it had to take "decisive actions

to stabilize" its "balance sheet going forward by fully reserving for all of our nonperforming loans in our CRE portfolio." *Quinn* Compl. ¶ 3; *Goebel* Compl. ¶ 5. These included material increases in its CECL and valuation allowances. *Quinn* Compl. ¶ 3; *Goebel* Compl. ¶ 5. On this news, Ready Capital's stock price fell 26.8%, closing at $5.07 per share. *Quinn* Compl. ¶ 4; *Goebel* Compl. ¶ 6.

On March 6, 2025, the day the *Quinn* Complaint was filed, notice of the *Quinn* action was published in *Business Wire*. *See* No. 25 Civ. 1883, Dkt. 22, Ex. A. And on April 23, 2025, the day the *Goebel* Complaint was filed, notice of the *Goebel* action was published in *ACCESS Newswire*. *See* No. 25 Civ. 1883, Dkt. 25, Ex. C. As required by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), the notices summarized the bases for the actions and informed members of the putative classes that they had 60 days to move for appointment as lead plaintiff.

On May 27, 2025, Parr filed a motion (1) to consolidate *Quinn* and *Goebel* and (2) for appointment as lead plaintiff and approval of his chosen counsel. Dkts. 17–18, 21. Parr is represented by Levi & Korsinsky. Parr is the only party who presently seeks appointment as lead plaintiff.[1]

## II.    Consolidation

Parr moves for consolidation of *Quinn* and *Goebel*. No party has opposed consolidation.

Federal Rule of Civil Procedure 42(a) empowers district courts to consolidate two or more actions that involve "a common question of law or fact." *Devlin v. Transp. Commc'ns Int'l*

---

[1] On May 5, 2025, three other parties—Jerry Quinn, David Goebel, and Ricky Davis—moved for appointment as lead plaintiff and to consolidate the two actions. Dkts. 19 (Quinn), 23 (Goebel), and 26 (Davis). On May 16, 2025, Davis withdrew his motion, Dkt. 31; on May 27, 2025, Goebel and Quinn did the same, Dkts. 32 (Goebel), 33 (Quinn).

*Union*, 175 F.3d 121, 130 (2d Cir. 1999) (quoting Fed. R. Civ. P. 42(a)). In particular, Rule

42(a) provides that if actions before a court "involve a common question of law or fact," the

court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate

the actions; or (3) issue any other orders to avoid unnecessary cost or delay[.]" "The Rule should

be prudently employed as a valuable and important tool of judicial administration, invoked to

expedite trial and eliminate unnecessary repetition and confusion. In assessing whether

consolidation is appropriate in given circumstances, a district court should consider both equity

and judicial economy." *Devlin*, 175 F.3d at 130 (citation omitted). The Court "has broad

discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899

F.2d 1281, 1284 (2d Cir. 1990).

Here, consolidating the actions would produce significant judicial economy and

convenience. The complaints in both *Quinn* and *Goebel* make substantially similar factual

allegations. Each alleges that defendants made materially false and/or misleading

representations as to Ready Capital's CRE portfolio. Each claim violations of Sections 10(b)

and 20(a) of the Securities Exchange Act of 1934 and Rule 10b–5, the corresponding rule

promulgated by the Securities and Exchange Commission. And both complaints sue the same

defendants. The cases therefore present common questions of law and fact, notwithstanding

minor differences in allegations and class periods. *See, e.g.*, *Ferrari v. Impath, Inc.*, No. 3 Civ.

5667, 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004) (finding that judicial economy would

be advanced from consolidating securities actions "based on the same public statements and

reports"); *Hom v. Vale, S.A.*, 15 Civ. 9539, 2016 WL 880201, at *2 (S.D.N.Y. Mar. 7, 2016)

(same where the "complaints raise[d] similar allegations regarding misrepresentations or

omissions in statements concerning [the same subject], and br[ought] the same causes of action

4

against nearly the same defendants" and there were "minor" differences in the putative class

periods); *Barnette v. Arcimoto Inc*, No. 21 Civ. 2143, 2021 WL 2986397, at *1 (E.D.N.Y. July

15, 2021) (same); *see also, e.g.*, *Woburn Ret. Sys. v. Salix Pharm., Ltd.*, No. 14 Civ. 8925, 2015

WL 1311073, at *2 (S.D.N.Y. Mar. 23, 2015) ("Under Rule 42 and the [PSLRA], actions need

not be 'identical' to allow for consolidation."); *Pinkowitz v. Elan Corp., PLC*, No. 2 Civ. 4948,

2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) (differences as to "the precise confines of the

relevant class period" do not preclude consolidation).

Because judicial economy and convenience strongly favor consolidation and there is little

risk of potential prejudice, the Court finds consolidation appropriate.  It therefore grants Parr's

motion to consolidate the *Quinn* and *Goebel* actions.

## III.    Appointment of Lead Plaintiff[2]

The PSLRA governs motions for appointment of lead plaintiff and approval of lead

counsel in putative class actions brought under federal securities laws.  "As soon as practicable

after" the decision to consolidate "is rendered," the PSLRA directs, the court is to appoint as lead

plaintiff the party or parties "most capable of adequately representing the interests of class

members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is

the person who: (1) has either "filed the complaint or made a motion in response to a notice," *id.*

§ 78u-4(a)(3)(B)(iii)(I)(aa); (2) has the "largest financial interest in the relief sought by the

class," *id.* § 78u-4(a)(3)(B)(iii)(I)(bb); and (3) "satisfies the requirements of Rule 23 of the

Federal Rules of Civil Procedure," *id.* § 78u-4(a)(3)(B)(iii)(I)(cc).  "[T]his presumption may be

rebutted only upon proof by a member of the purported plaintiff class that the presumptively

---

[2] Docket citations in this section are to the docket of the *Quinn* action, No. 25 Civ. 1883.

most adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Metro Servs. Inc. v. Wiggins*, 158 F.3d 162, 164 (2d Cir. 1998) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

As noted, Parr timely moved for appointment, satisfying the first prong. Dkt. 17. The Court therefore turns to the second and third prongs set out by the PSLRA.[3]

### A.    Financial Interest

Parr certifies that he purchased 85,876 shares of Ready Capital during the Class Period and lost a total of $192,526.04 when the share price dropped. Dkt. 21, Ex. B. Because no prospective lead plaintiff with a larger financial stake in this case has come forward, and the Court does not have access to non-parties' financial records, the Court must assume that Parr's financial interest renders him suitable to serve as lead plaintiff. *See, e.g.*, *Bristol Cty. Ret. Sys. v. Telefonaktiebolaget LM Ericsson*, No. 18 Civ. 3021, 2018 WL 3546182, at *1 (S.D.N.Y. July 24, 2018); *Plumbers, Pipefitters & MES Loc. Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11 Civ. 5097, 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011); *Jolly Roger Offshore Fund LTD v. BKF Cap. Grp., Inc.*, No. 7 Civ. 3923, 2007 WL 2363610, at *3 (S.D.N.Y. Aug. 16, 2007).

### B.    Rule 23 Requirements

Rule 23's requirements for class certification are commonly referred to as numerosity, commonality, typicality, and adequacy. *See Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 80 (2d Cir. 2015). At this early stage of litigation, however, "only the last two factors—

---

[3] Although Parr's motion is unopposed, the Court must conduct an independent review to ensure he satisfies the PSLRA's requirements. *See, e.g.*, *Springer v. Code Rebel Corp.*, No. 16 Civ. 3492, 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) (collecting cases)

typicality and adequacy—are pertinent." *Lopez v. CTPartners Exec. Search Inc.*, No. 15 Civ. 1476 (PAE), 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (quoting *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004)). A lead plaintiff's claims are typical where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173–74 (S.D.N.Y. 2010); *see also In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). A lead plaintiff is adequate where he "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006) (citing *Dietrich v. Bauer*, 192 F.R.D. 119, 124 (S.D.N.Y. 2000)). To obtain appointment as lead plaintiff, "[t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

Parr's claims "are typical of the class because [his] claims and injuries arise from the same conduct from which the other class members' claims and injuries arise." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998) (citing *Drexel*, 960 F.2d at 291). As alleged, every member of the putative class "(1) purchased or acquired [Ready Capital] securities during the class period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market." *Jolly Roger*, 2007 WL 2363610, at *4. Accordingly, Parr's claims arise from the same course of conduct as those of other putative class members.

On the facts presently known, Parr is also an adequate class representative. He has certified that he is willing to fulfill the duties of lead plaintiff, Dkt. 21, Ex. A, and he has retained counsel with significant experience in securities fraud cases, *id.*, Ex. D. And there is, as yet, no indication that Parr has interests antagonistic to those of the class. *See Plumbers, Pipefitters & MES*, 2011 WL 4831209, at *2; *Jolly Roger*, 2007 WL 2363610, at *5. Because Parr has thus far satisfied all of the PSLRA requirements, the Court finds that he is the most adequate plaintiff. There has been no credible basis to conclude that he "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render him incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court therefore appoints Parr as lead plaintiff.

## IV. Appointment of Class Counsel

The most adequate plaintiff may retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a 'strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection.'" *Sallustro v. CannaVest Corp.*, No. 14 Civ. 2900, 2015 WL 1262253, at *10 (S.D.N.Y. Mar. 19, 2015) (quoting *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 3 MDL 1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008)). Here, as noted, Parr has selected the firm of Levi & Korsinsky. Having reviewed the firm's submissions as to its pertinent background and experience, including its experience litigating securities class actions, *see* Dkt. 21, Ex. D, the Court finds it well qualified to serve as lead counsel.

Accordingly, the Court appoints Levi & Korsinsky lead counsel.

## CONCLUSION

For the foregoing reasons, the Court (1) grants Parr's motion to consolidate *Quinn* and *Goebel*, (2) appoints Parr as lead plaintiff, and (3) appoints Levi & Korsinsky as lead counsel. The actions are consolidated under the caption *In re Ready Capital Securities Litigation*, 25 Civ. 1883 (PAE). All filings and submissions shall be made under the docket number 25 Civ. 1883 (PAE) only.

The Court directs the parties to confer and jointly file by July 15, 2025 a proposed schedule for the filing of an amended complaint and briefing schedule for any motion to dismiss.

The Clerk of Court is respectfully directed to terminate all pending motions.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 8, 2025
     New York, New York